UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CHARMANE SMITH                                                                Plaintiff

v.                                                      Civil Action No. 3:19-cv-325-RGJ

D.D. WILLIAMSON AND CO., INC.                             Defendant

\* \* \* \* \*

**<u>MEMORANDUM OPINION</u>**

Plaintiff Charmane Smith filed the instant *pro se* action proceeding *in forma pauperis*. A review of the complaint reveals that this Court lacks jurisdiction over the subject matter of the action, and the Court will dismiss the action.

**I.**

Plaintiff, identifying herself as a citizen of Tennessee, sues D.D. Williamson and Co., Inc., which she states is incorporated in the state of Delaware and has an address in Louisville, Kentucky. Under the heading "Jurisdiction," Plaintiff states, "1. Federal Question" and "2. Diversity: - Amount in Controversy: $1,000,000.00." Under the heading "Statement of Facts," Plaintiff states, "I have attempted to place orders, several times, that have not been fulfilled." Under the heading "Claims," Plaintiff states as follows:

    1. Truth in Advertising
    - Mail or Telephone Order Merchandise
     - Title 16 C.F.R., Part 435

    2. U.C.C § 2 Part 6 – Breach (Sales)
    - § 2-609 Right to Adequate Assurance of Performance

    3. U.C.C. § 2 Part 7 – Remedies
    - § 2-713 Buyers' Damages for Non-Delivery

4. U.C.C. § 2 Part 7 – Remedies
- § 2-715 Buyers' Incidental and Consequential Damages

5. Strict Liability

Under the heading "Demand for Relief," Plaintiff states, "Monetary Award of $1,000,000.00 plus All Court, Attorney, Lawsuit Advance/Settlement Funding, and/or Judgement Collection Costs, Fees, Expenses, and Interest be paid by the Defendant."

## II.

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972). The duty to be less stringent with *pro se* complaints, however, "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted), and the Court is not required to create a claim for a *pro se* plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority

of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assocs. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006). Federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction." *Id.* at 607 (quoting *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997)). The party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377. To satisfy this burden, the complaint must allege "the facts essential to show jurisdiction." *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936); *see also FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990).

In the present case, Plaintiff has not met her burden of establishing federal question jurisdiction under 28 U.S.C. § 1331. The "well-pleaded complaint" rule requires that "a federal question be presented on the face of the complaint." *Mich. S. R.R. Co. v. Branch & St. Joseph Ctys.*, 287 F.3d 568, 573 (6th Cir. 2002). Put another way, "a case arises under [federal-question jurisdiction] when it is apparent from the face of the plaintiff's complaint . . . that the plaintiff's cause of action was created by federal law." *Id.*; *see also Gunn v. Minton*, 568 U.S. 251, 257, (2013) ("A case arises under federal law when federal law creates the cause of action asserted."). Therefore, the complaint must show on its face that the cause of action is created by federal law.

Plaintiff cites to a federal regulation related to "Truth in Advertising" and to several provisions of the Uniform Commercial Code and states that she tried to "place orders" that were not fulfilled. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678

3

(2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Conclusory allegations or bare legal conclusions will not suffice as factual allegations. *Followell v. Mills*, 317 F. App'x 501, 505 (6th Cir. 2009). Plaintiff states no factual allegations which support a cause of action created by federal law. Therefore, the complaint fails to establish federal-question jurisdiction.

Additionally, Plaintiff fails to establish diversity jurisdiction. For a federal court to have diversity-of-citizenship jurisdiction pursuant to § 1332, there must be complete diversity—which means that each plaintiff must be a citizen of a different state than each defendant—and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). While it appears that Plaintiff has established that she and Defendant are citizens of different states, she fails to allege facts supporting that the amount in controversy exceeds $75,000. Plaintiff states that she has attempted to "place orders" that were not fulfilled and states that the amount in controversy is $1,000,000. However, the complaint is void of any facts which suggest that the amount claimed is not merely delusional, rather than a request made in good faith. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Even construed liberally, the complaint contains no facts whatsoever to support the requisite $75,000 amount in controversy. *See McCune v. JPay, Inc.*, No. 2:17-cv-670-CMV-JLG, 2017 U.S. Dist. LEXIS 127026, at *7 (S.D. Ohio Aug. 10, 2017) (holding that plaintiff failed to sufficiently plead diversity jurisdiction where he sought $500,000 in damages but "his allegations fail[ed] to support such a request"), *report and recommendation adopted*, 2017 U.S. Dist. LEXIS 135660 (S.D. Ohio, Aug. 24, 2017); *Tiger v. Pynkala*, No. 14-cv-2312-JDT, 2014 U.S. Dist. LEXIS 155247, at *14, n.11 (W.D. Tenn. Oct. 30, 2014) (finding that the plaintiff failed to meet her burden of pleading diversity jurisdiction where she failed to "present clear allegations" that the amount in controversy exceeded $75,000); *Carter v. Night Mgmt. & Gap Prot.*, No. 2:12-cv-780-EAPD-EAS, 2012

U.S. Dist. LEXIS 143796, at *3 (S.D. Ohio Sept. 7, 2012) (finding that the plaintiff failed to sufficiently plead diversity jurisdiction where "her allegations fail[ed] to support her request for millions of dollars"), *report and recommendation adopted*, 2012 U.S. Dist. LEXIS 144025 (S.D. Ohio, Oct. 3, 2012). Therefore, Plaintiff has failed to satisfy the amount-in-controversy requirement, and the complaint fails to support diversity-of-citizenship jurisdiction.

Accordingly, Plaintiff has failed to establish that the Court has subject-matter jurisdiction over this action, and the Court will dismiss this action by separate Order.

Date: August 7, 2019

Rebecca Grady Jennings, District Judge
United States District Court

cc: Plaintiff, *pro se*
     Defendant
A961.010